UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RONALD SATISH EMRIT,

        Plaintiff,

  v.                                            Case No. 23-cv-1346-pp

THE GRAMMY AWARDS ON CBS,
*doing business as* The Recording Academy/National
Academy of Recording Arts and Sciences (NARAS),

        Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM

      The plaintiff, whom the complaint indicates lives part-time in Florida and part-time in Maryland, filed a complaint against "The Grammys on CBS." Dkt. No. 1 (residence information at ¶7). Along with the complaint, the plaintiff filed a request to proceed without prepaying the filing fee. Dkt. No. 2. The complaint alleges that Kanye West, Robert Kelly, Harvey Weinstein, Kevin Spacey and Lizzo are "sick" individuals who are creating public relations problems for the Grammys. Dkt. No. 1 at ¶¶1-6. The plaintiff indicates that he intends to file similar lawsuits against this defendant in Tennessee, Mississippi, South Carolina and Louisiana. Id. at ¶8. He alleges that someone named Robert Accatino of the Los Angeles chapter of the Grammy Awards allegedly terminated the plaintiff's Grammy membership in 2010 and the plaintiff

1

recently expressed a desire to "re-join the Grammy Awards and to take his Ukrainian fiance" to the Grammy Awards. Id. at ¶¶16-19.

The court will dismiss the complaint for failure to state a claim and will not allow the plaintiff to amend.

## I. Plaintiff's Ability to Pay the Filing Fee

The court first must decide whether the plaintiff can pay the filing fee; if he cannot, the court must determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i). The plaintiff's application to proceed without prepaying the filing fee indicates that he has monthly income totaling $980, that he is disabled and has no spouse and that he has "about $2.00" in a bank account. Dkt. No. 2 Id. at 2. He represents that several individuals owe him approximately $4,200 and that his expenses total $800. Id. at 3-5.

Based on the information in the request, the court concludes that the plaintiff does not have the ability to pay the filing fee. The plaintiff should be aware, however, that he still is responsible for paying the filing fee over time. Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997); see also Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'' 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' but not without ever paying fees.") (emphasis in original). When a court grants a motion allowing a person to proceed without prepaying the filing fee, it means only that the person does not have to pay the full filing fee up front; the person still owes the filing fee.

2

**II. Screening the Complaint**

The court next must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim" showing that he is entitled to relief. Federal Rule of Civil Procedure 8(a)(2). A plaintiff does not need to plead every fact supporting his claims; he needs only to give the defendant fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). At the same time, the allegations "must be enough to raise a right to relief above the speculative level." Id. Because the plaintiff represents , the court must liberally construe the allegations of his complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

    A.    <u>Facts Alleged in the Complaint</u>

The plaintiff explains that he is "an indigent, disabled, and unemployed resident of the state of Florida and Maryland (the plaintiff spends half of the year in Florida and the other half in Maryland traveling with his father who is a widely-recognized musician in several states on the Atlantic Coast.)" Dkt. No. 1 at ¶7. The plaintiff alleges that he will file his complaint in four other states where he says that he has received favorable rulings. Id. at ¶8. He explains that "[j]ust like the Denny's lawsuits, [his] $45 million lawsuit against the Grammys alleges racial discrimination and that [he] is being discriminated against

3

Case 2:23-cv-01346-PP   Filed 10/17/23   Page 3 of 10   Document 4

because [he is] a black man or African-American" and that his Grammys membership would have been reinstated if he were a white man. Id. He says that he contacted "all 12 chapters" of the Grammys on August 3, 2023 to let them know he would be filing lawsuits. Id.

The plaintiff alleges that there is diversity of citizenship between him and the "five defendants" because he lives in Sarasota, Florida (and no longer in Ft. Worth, Texas). Id. at ¶11. He admits that the amount in controversy "does not exceed $75,000." Id. at ¶15. The plaintiff alleges that the case "involves a discussion of" Title VII, the Americans with Disabilities Act, the Equal Protection Clause, the Due Process Clause, the Fourth Amendment and the Privileges and Immunities Clause. Id. at ¶12. He adds that venue is proper under §1391 and 1400. Id. at ¶14.

Under his "Statement of Facts," the plaintiff alleges:

16.) Robert Accatino of the Los Angeles chapter of the Grammy Awards ended the plaintiff's membership in the Grammys in 2010.

17.) The plaintiff recently contacted the Grammys expressing his desire to re-join the Grammy Awards and to take his Ukrainian fiance to the Grammy Awards.

18.) The plaintiff also explained to the Grammys offices that he was a 2016 and 2020 presidential candidate with the number from the Federal Election Commission (FEC) as P60005535 and the committee number for the Political Action Committee (PAC) or Separate Segregated Fund (SSF) as C00569897.

19.) Accordingly, the number for Maria Cherniavska on Whatsapp is +380994339671.

Id. at ¶¶16-19.

In Count One, the plaintiff alleges a violation of his civil rights because the "Grammys have to pay attention to Civil Rights of African-Americans who are part of a suspect classification of discrete and insular minorities which have experienced invidious discrimination with the context of American jurisprudence." Id. at ¶30. The plaintiff states that the recording artist known as "The Weeknd"[1] also believes he has been discriminated against by the Grammys/NARAS "based off of his status as an African-American." Id. at ¶31. The plaintiff acknowledges that he is "nowhere near as popular as The Weekend," but insists that he is still an independent recording artist and former Grammy member who believes he has been discriminated against based on race and ethnicity "no different from The Weeknd." Id. at ¶32. The plaintiff asserts that the case should be a class action "substantially similar to the litigation brought by Brian Flores of the Miami Dolphins in the National Football League (NFL) regarding head coach positions in the NFL." Id. at ¶33. The plaintiff asks the court to take judicial notice that the Washington Redskins now have a different mascot; he adds that he is trying to marry a woman in Ukraine and that it is necessary to provide her number on Whatsapp. Id. at ¶¶ 34, 35 (incorrectly numbered ¶32).

The plaintiff attached sixteen additional pages to the complaint, but it is unclear how they are related to this case. Dkt. No. 1-1. The pages contain numbered lists under the following headings: Securities Regulation Law Issues,

---

[1] The plaintiff spells the artist's name both as "The Weeknd" and "The Weekend." The artist spells it "The Weeknd." https://www.theweeknd.com/.

Contract Law Issues (Massachusetts), Immigration Law Issues (Ukraine), Real Property Law Issues (Sarasota), Entertainment Law Issues (Tampa, FL), Intellectual Property Law Issues (Maryland), Health Law Issues (Broward County, FL), Corporation Law Issues (Rhode Island), Criminal Law Procedure Issues (Rhode Island), Commercial Tort Law Issues (Pennsylvania), Federal Rules of Evidence Issues, Constitutional Law Issues (Orlando) and Civil Procedure Law Issues (Hawaii). Id. at 1-14. The plaintiff includes a memo to U.S. Attorneys regarding his "historical litigation" against the CIA and a memorandum regarding his criticism of Central Intelligence. Id. at 16.

B.  Analysis

A quick search reveals that the plaintiff has filed numerous cases in courts across the country. In 2021, Judge William Conley of the Western District of Wisconsin dismissed one of the plaintiff's complaints for failure to state a claim and wrote:

> Before screening his claims, the court notes that Emrit has filed no fewer than *200* civil actions in federal district courts since 2013, and the Middle District of Florida has issued a "Vexatious Litigant Order" in a case he filed there, barring Emrit from filing any new document in that district without first obtaining written approval of its Senior Magistrate Judge. *Emrit v. Devos*, 20-cv-773, dkt. #11 (M.D. Fla. Apr. 20, 2020). Moreover, many of Ermit's other actions have been dismissed as frivolous, malicious or for failure to state a claim.

Emrit v. Epic Medical Records, Case No. 18-cv-937, 2021 WL 5881976 at *1 (W.D. Wis. Dec. 13, 2021) (citations omitted). This is not the first time that the plaintiff has sued the Grammys. Other courts have dismissed for failure to state a claim similar allegations by the plaintiff against the Grammys. Emrit v. The Grammy Awards on CBS, No. 23-CV-499, 2023 WL 6545417, *2 (E.D.N.C.

6

Sept. 15, 2023); Emrit v. The Grammys Awards on CBS, No. 23-CV-1155, 2023 WL 6577793, *1 (N.D.N.Y. Oct. 6, 2023); Emrit v. National Academy of Recording Arts and Sciences, No. A-14-CA-392, 2015 WL 518774 (W.D. Tex. Feb. 5, 2015). The court provides this background because it shows that the plaintiff is aware of the screening procedure under 28 U.S.C. §1915(e)(2)(B) and the requirements for stating a claim in federal court.

To the extent the court can determine what the plaintiff alleges that the defendant has done to harm him, none of that harm appears to have occurred in the Eastern District of Wisconsin. The complaint asserts "complete diversity of jurisdiction" under 28 U.S.C. §1332, alleging that neither the plaintiff nor the "five defendants"[2] are from the same state. Dkt. No. 1 at ¶11. The plaintiff says that he lives in Sarasota, Florida (and part of the year in Maryland) and no longer lives in Fort Worth, Texas. Id. He does not identify the state of residence of the defendant, but he concedes that the amount in controversy is not satisfied. Id. at ¶15.

The plaintiff alleges that the court "also has subject matter jurisdiction over the present case at bar because this proceeding involves a discussion of Title VII of the Civil Rights Act of 1964, Americans with Disabilities Act of 1990, Equal Protection Clause, Due Process Clause, Fourth Amendment and the Privilege and Immunities Clause." Id. at ¶12. But the complaint does not

---

[2] The plaintiff named only one defendant in the caption of the complaint—The Grammy Awards on CBS, doing business as the Recording Academy/National Academy of Recording Arts and Sciences (NARAS). Dkt. No. 1 at 1.

explain how the defendant violated any of these statutes or constitutional provisions, or when or where. Although the court must liberally construe a complaint brought by a person representing himself, that complaint must provide sufficient facts to state a plausible claim. Twombly, 550 U.S. at 570.

At best, the plaintiff alleges that Robert Accatino of the Los Angeles Chapter of the Grammy Awards terminated the plaintiff's Grammys membership over thirteen years ago. Dkt. No. 1 at ¶16. He alleges that he recently requested to "re-join" the Grammys to attend an upcoming show and bring his fiancé. Other courts have explained to the plaintiff why these allegations are not sufficient to state a claim cognizable by a federal court. Emrit, 2023 WL 6577793 at *3-*4. The Grammy Award Show is a private actor—not a state actor acting under the color of law as required by 42 U.S.C. §1983. The plaintiff has not alleged an employment relationship with the Grammys as contemplated by Title VII of the Civil Rights Act of 1964, and he has not alleged that his Grammys membership was terminated as the result of a disability (which would hint at a claim under the Americans with Disabilities Act).

The plaintiff faces an additional hurdle: he alleges that Accatino, acting on behalf of the Los Angeles Chapter of the Grammys, terminated his Grammys membership over thirteen years ago. In Wisconsin, a plaintiff must bring a civil rights lawsuit under §1983 within three years; the three-year clock starts when the violation is complete and the plaintiff knows of his injury. D'Acquisto v. Love, Case No. 20-C-1034, 2020 WL 5982895, at *1 (E.D. Wis. Oct. 8, 2020).

This complaint does not state a claim upon which a federal court may grant relief. The Seventh Circuit has held that when a court dismisses a complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6), it normally should give the plaintiff at least one opportunity to amend before dismissing the case. Runnion *ex rel.* Runnion v. Girl Scouts of Greater Chi. And Nw. Ind., 786 F.3d 510, 519 (7th Cir. 2015) (citations omitted). But "district courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants or where the amendment would be futile." Arreola v. Godinez, 546 F.3d 788, 796 (7th Cir. 2008) (citations omitted). The court concludes that it would be futile to allow the plaintiff to file an amended complaint because other courts have dismissed identical—or nearly identical—allegations by this plaintiff, yet he continues to bring the allegations in other lawsuits before other courts.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which this federal court can grant relief. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment.

9

See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 17th day of October, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**